UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LISA ANN ROST,<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>Defendant. | CASE NO. 3:15-CV-05406-DWC<br><br>ORDER ON PLAINTIFF'S COMPLAINT |

Plaintiff filed this action, pursuant to 42 U.S.C § 405(g), seeking judicial review of the denial of Plaintiff's application for Supplemental Security Income Benefits ("SSI"). The parties have consented to proceed before a United States Magistrate Judge. *See* 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13. *See also* Consent to Proceed before a United States Magistrate Judge, Dkt. 5.

After reviewing the record, the Court concludes the Administrative Law Judge ("ALJ") did not err by discounting the opinions of two of Plaintiff's examining psychologists, and did not

err in evaluating Plaintiff's residual functional capacity. Therefore, this matter is AFFIRMED pursuant to sentence four of 42 U.S.C. § 405(g).

**PROCEDURAL& FACTUAL HISTORY**

On March 29, 2012, Plaintiff filed applications for Social Security Disability Insurance Benefits ("DIB") and SSI. *See* Dkt. 7, Administrative Record ("AR") 11. In her applications, Plaintiff alleged she became disabled on November 15, 2002, due to scoliosis, spina bifida, and mental health issues. *See* AR 178, 184, 211. Plaintiff's applications were denied upon initial administrative review on May 23, 2012, and on reconsideration on November 16, 2012. *See* AR 52-53, 72-73. A hearing was held before an ALJ on July 15, 2013, at which Plaintiff, represented by counsel, appeared and testified. *See* AR 29. During the hearing, Plaintiff withdrew her DIB application, amended her disability onset date to March 29, 2012, and elected to proceed solely on her application for SSI. AR 30-31.

On September 4, 2013, the ALJ found Plaintiff was not disabled within the meaning of Section 1614(a)(3)(A) of the Social Security Act. AR 22. Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council on May 18, 2015, making that decision the final decision of the Commissioner of Social Security (the "Commissioner"). *See* AR 1, 20 C.F.R. § 404.981, § 416.1481. On June 15, 2015, Plaintiff filed a complaint in this Court seeking judicial review. Dkt. 1.

Plaintiff argues the ALJ erred by: (1) rejecting the medical opinion of Daniel Neims, Psy.D.; (2) rejecting the medical opinion of Richard Washburn, Ph.D.; and (3) failing to incorporate the limitations opined to by Dr. Neims and Dr. Washburn into Plaintiff's residual functional capacity assessment. Dkt.10, p. 1.

1 **STANDARD OF REVIEW**

2 Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social

3 security benefits only if the ALJ's findings are based on legal error or not supported by

4 substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th

5 Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)). "Substantial evidence" is

6 more than a scintilla, less than a preponderance, and is such "'relevant evidence as a reasonable

7 mind might accept as adequate to support a conclusion.'" *Magallanes v. Bowen*, 881 F.2d 747,

8 750 (9th Cir. 1989) (*quoting Davis v. Heckler*, 868 F.2d 323, 325-26 (9th Cir. 1989)).

9 **DISCUSSION**

10 I. <u>Whether the ALJ Properly Evaluated the Medical Opinion Evidence.</u>

11 **A. Standard**

12 The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted

13 opinion of either a treating or examining physician or psychologist. *Lester v. Chater*, 81 F.3d

14 821, 830 (9th Cir. 1996) (*citing Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988); *Pitzer v.*

15 *Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)). But, when a treating or examining physician's

16 opinion is contradicted, the opinion can be rejected "for specific and legitimate reasons that are

17 supported by substantial evidence in the record." *Lester*, 81 F.3d at 830-31 (*citing Andrews v.*

18 *Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir.

19 1983)). The ALJ can accomplish this by "setting out a detailed and thorough summary of the

20 facts and conflicting clinical evidence, stating his interpretation thereof, and making findings."

21 *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (*citing Magallanes*, 881 F.2d at 751).

22 In addition, the ALJ must explain why the ALJ's own interpretations, rather than those of

23 the doctors, are correct. *Reddick*, 157 F.3d at 725 (*citing Embrey*, 849 F.2d at 421-22). But, the

24

1  ALJ "may not reject 'significant probative evidence' without explanation." *Flores v. Shalala*, 49

2  F.3d 562, 570-71 (9th Cir. 1995) (*quoting Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir.

3  1984) (*quoting Cotter v. Harris*, 642 F.2d 700, 706-07 (3d Cir. 1981))). The "ALJ's written

4  decision must state reasons for disregarding [such] evidence." *Flores*, 49 F.3d at 571.

### B. Daniel Neims, Psy.D.'s Opinion

On January 4, 2012, Dr. Neims conducted a consultative examination of Plaintiff for the Washington State Department of Social and Health Services. AR 434-466. After his examination, Dr. Neims diagnosed Plaintiff with anxiety disorder NOS, rule-out post-traumatic stress disorder, rule-out adult residual attention-deficit-hyperactivity disorder, methamphetamine dependence in long-term remission, cannabis abuse in long-term remission, and personality disorder NOS. AR 436-37. Dr. Neims also opined Plaintiff was severely impaired in her ability to communicate and perform effectively in a work setting with public contact, and markedly impaired in her ability to: communicate and perform effectively in a work setting with *limited* public contact; be aware of normal hazards and take appropriate precautions; and maintain appropriate behavior in a work setting. AR 437-38. The ALJ gave Dr. Neims's opinion little weight for the following reasons:

> The claimant was not candid with Dr. Neims about her drug and alcohol usage. For example although she was admitted to the hospital for methamphetamine induced psychosis in February of 2011, she did not tell Dr. Neims that her admission to the hospital was methamphetamine induced. In fact, she told Dr. Neims that she last used methamphetamines 10 years earlier [AR 440]. Due to these misrepresentations, Dr. Neims did not have accurate information with which to assess the claimant. In addition, approximately two weeks prior to the evaluation, the claimant reported that she had not been on any medication for two months. [AR 562]. Prior records show that her medication worked well for her symptoms. Thus, at the time of Dr. Neims evaluation, it is likely that her presentation was due to the fact that she had only recently started taking her medication and had not stabilized yet.

AR 20. Plaintiff contends these were not specific and legitimate reasons for discounting an examining psychologist's opinion; instead, Plaintiff argues the ALJ should have fully credited Dr. Neims's opinion. The court disagrees.

First, Plaintiff argues the specific details of her history with drugs were irrelevant to Dr. Neims's opinion, as: Dr. Neims's review of Dr. Washburn's opinion and the rest of the medical record meant he was aware Plaintiff was an unreliable historian; Dr. Neims's conclusions were based on objective evidence rather than being based "to a large extent on [her] self reports;" and the ALJ did not find Plaintiff was using drugs at the time of Dr. Neims's examination. Dkt. 10, pp. 3-4 (quoting *Morgan v. Commissioner of Soc. Sec. Admin.*, 169 F.3d 595, 602 (9th Cir. 1999). However, it does not follow from these propositions that Plaintiff's lack of candor concerning her history of drug use was irrelevant to Dr. Neims's medical opinions. The fact an acceptable medical source relies on incorrect or incomplete information in forming their opinions is a specific and legitimate reason for discounting the opinion. *See Chaudhry v. Astrue*, 688 F.3d 661, 671 (9th Cir. 2012). *See also Bray v. Commissioner of Social Security Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009; *Fair v. Bowen*, 885 F.2d 597, 605 (9th Cir. 1989). Even if Dr. Neims was aware Plaintiff was an unreliable historian and Plaintiff was engaging in impression management during his examination, there is nothing in Dr. Neims's opinion to indicate he disbelieved Plaintiff's denials and misrepresentations concerning her drug use. Nor could Dr. Neims have accounted for Plaintiff's complete history of drug use—including her hospitalization for methamphetamine-induced psychosis—in his diagnosis, without Plaintiff explicitly providing Dr. Neims with that history. Further, though Dr. Neims's opinion was based in part on objective evidence, his evaluation also shows Plaintiff's history of drug use was a material factor in his diagnoses, prognosis, long-term care plan, and opinions of Plaintiff's functional limitations. *See*

AR 436-37 (where Dr. Neims noted as part of his diagnosis that Plaintiff's "methamphetamine dependence" and "cannabis abuse" was in long-term remission and there was no indication of "current or recent alcohol or substance abuse"); AR 438 (where Dr. Neims recommended a plan of care which accounted for her "earlier history of chemical dependency.")

Plaintiff argues Dr. Neims was not "under an 'erroneous belief' of a meaningful medical fact," and therefore the *Chaudrey* case is distinguishable. Dkt. 12, p. 2. However, at least part of Dr. Neims's opinion is predicated on just such an erroneous belief: namely, his belief Plaintiff had not used methamphetamines for approximately ten years, had not used marijuana for approximately seven years, and her recent mental-health related hospitalization was not drug-related. AR 309, 440. Clinicians must accurately assess an individual's history and patterns of substance abuse during psychological examinations in order to render a valid diagnosis.[1] *See, e.g.*, *Personality Disorders, Differential Diagnosis*, DSM-V, 649 (5th ed. 2014) ("It is important not to make a personality disorder diagnosis based solely on behaviors that are consequences of substance intoxication or withdrawal or that are associated with activities in the service of sustaining substance use (e.g., antisocial behavior)"). As the ALJ correctly noted, Dr. Neims did not have accurate information with which to assess Plaintiff, and the ALJ did not err by discounting Dr. Neims's opinion on this basis.

The lack of evidence Plaintiff was using drugs at the time of Dr. Neims's examination does not affect the ALJ's logic for discounting Dr. Neims's opinion. As discussed above, Dr.

---

[1] The ALJ gave great weight to the opinion of Dan Donohue, Ph.D., the state agency psychological consultant who reviewed the record in May, 2012. Unlike Dr. Neims, Dr. Donohue was aware of all of Plaintiff's documented history with drugs, including her hospitalization for methamphetamine-induced psychosis. *See* AR 58. Given this background, Dr. Donohue opined Plaintiff should be able to complete concentration, persistence, and pace throughout a normal workweek, "provided [Plaintiff] can maintain sobriety." AR 62.

Neims's opinion was based, not only on Plaintiff's presentation at the examination, but also on her medical history. Thus, inaccurate medical history could impact Dr. Neims's conclusions, and the ALJ was entitled to consider this in weighing Dr. Neims's opinion.

The Court recognizes Plaintiff's interpretation of Dr. Neims's opinion is rational. While Dr. Neims ascribed some significance to Plaintiff's history of drug use, is not clear from the opinion *how much* Plaintiff's history of drug use impacted his diagnoses and conclusions as compared to Plaintiff's presentation during the examination. However, to the extent Plaintiff is asking the Court to choose between different rational interpretations of Dr. Neims's opinion, the ALJ is responsible for resolving ambiguities and conflicts in the medical evidence, and this Court will not disturb the ALJ's conclusions. *See Reddick,* 157 F.3d at 722.

Second, Plaintiff contends her apparent lack of stability due to her contemporaneous resumption of medication "had no bearing" on Dr. Neims's medical opinions, both because Dr. Neims diagnosed Plaintiff with a personality disorder, and because Dr. Neims expressly notes Plaintiff was experiencing "moderate gains" from her treatment yet nonetheless found her to be disabled. Dkt. 10, pp. 4-5. While Dr. Neims opined Plaintiff's personality disorder would interfere with the treatment of her other mental health issues, Plaintiff's improvements on psychiatric medication are documented throughout the record and reflect Plaintiff's anxiety and mood disorders could be controlled through consistent use of medication. *See* AR 366-368, 555-56, 563-64, 618-20. Lack of consistency with the record as a whole is a specific and legitimate reason for rejecting an examining physician's opinion. 20 C.F.R. §§ 404.1527, 416.927. *See also Edlund v. Massanari*, 253 F.3d 1152, 1157, n. 6 (9th Cir. 2001). Further, an impairment which can be effectively controlled through treatment cannot support a finding of disability. *See Warre v. Commissioner of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006). *See also Allen v.*

1    *Commissioner of Social Sec.*, 498 Fed.Appx. 696, 697 (9th Cir. 2012). Finally, the fact Dr.
2    Neims noted Plaintiff made "moderate gains" due to her medication does not lead to a
3    conclusion Plaintiff had gained the maximum benefit from her medications by the time of Dr.
4    Neims's examination.  In any event, even if the ALJ erred in considering Plaintiff's
5    contemporaneous resumption of medication as a reason to discount Dr. Neims, the ALJ
6    supported his rejection of Dr. Neims's opinion with another specific and legitimate reason;
7    namely, the Plaintiff's lack of candor concerning her history of drug use. Thus, any error in
8    considering Plaintiff's resumption of medication was harmless. *See Molina v. Astrue* 674 F.3d
9    1104, 1117 (9th Cir. 2012).

### C.  Richard W. Washburn, Ph.D.'s Opinion

On May 10, 2010, approximately two years prior to Plaintiff's amended disability onset date, Dr. Washburn conducted a psychological examination of Plaintiff for Washington State Child and Family Welfare Services. AR 532. Dr. Washburn diagnosed Plaintiff with major depressive disorder, polysubstance abuse in sustained remission, and personality disorder NOS with histrionic and narcissistic features. AR 537. Dr. Washburn opined Plaintiff's test results indicated she was "an immature, impulsive risk taker who is oriented toward thrill seeking and gratification," whose "capacity to change appears to be limited." AR 538. Dr. Washburn also opined Plaintiff had "exceedingly poor" problem solving skills, and, as a result of a "fundamentally characterological problem," has difficulty accepting responsibility and relating with others. AR 539. The ALJ gave little weigh to Dr. Washburn's opinion for the following reasons: "[t]he evaluation predates her alleged onset date by almost two years. Further, the claimant was not taking any medication for mental health symptoms at the time of Dr. Washburn's evaluation and as with Dr. Neims, the claimant was not candid about her drug or

ORDER ON PLAINTIFF'S COMPLAINT - 8

alcohol use [AR 532-40]." AR 20. Plaintiff contends none of these reasons were specific and legitimate reasons for discounting Dr. Washburn's opinions; instead, as with Dr. Neims, Plaintiff contends the ALJ should have fully credited Dr. Washburn's opinion. The court disagrees.

As with Dr. Neims, Plaintiff was not candid with Dr. Washburn concerning her history of drug use. While Plaintiff represented to Dr. Washburn "that she has been clean and sober for four and a half years," other medical evidence reflects Plaintiff was actively using methamphetamines around the time of Dr. Washburn's evaluation. AR 326, 535. Further, despite Dr. Washburn's statements "recovering from problems with depression and anxiety is sometimes as easy as finding the right medication but usually is more difficult," and "changing one's character structure is typically much harder because it involves more encompassing changes in how a person habitually functions," a review of the whole record demonstrates Plaintiff's condition actually did improve when she took her medication on a consistent basis, a fact the ALJ noted repeatedly in his decision. *See* AR 16-18, 20, 366-368, 555-56, 563-64, 625-27. As with Dr. Neims's opinion, these are specific and legitimate reasons, supported by substantial evidence in the record, for discounting Dr. Washburn's opinion. *See* Section I(B), *supra*.

Finally, Plaintiff argues the fact Dr. Washburn's opinion predated Plaintiff's disability onset date by two years was not a specific and legitimate reason for discrediting Dr. Washburn's opinion. As the Ninth Circuit observed in *Carmickle v. Commissioner, Soc. Sec. Admin*, medical opinions which predate the onset of disability are typically of limited relevance. 533 F.3d 1155, 1165 (9th Cir. 2008). But, "this is especially true in cases . . . where disability is allegedly caused by a discrete event." *Id.* It is undisputed Plaintiff's mental health issues were not caused by a discrete event, but reflect longstanding anxiety, mood, personality, and substance abuse issues. *See, e.g.*, AR 57, 436-37, 441, 537. In the context of mental health issues, longitudinal records of

ongoing mental impairments can often be relevant in assessing the nature and severity of a claimant's impairments. *See, e.g.*, *Howard v. Colvin*, 2015 WL 3477152, *4 (W.D. Wa. 2015) (finding the ALJ did not err by considering mental health opinions which predated the claimant's disability onset date). The Court agrees with Plaintiff on this point, but, in light of the ALJ's other specific and legitimate reasons for discounting Dr. Washburn's opinion, the error is harmless. *See Molina*, 674 F.3d at 1117.

II.  Whether the ALJ Properly Evaluated Plaintiff's Residual Functional Capacity

Plaintiff argues the ALJ's error in evaluating the medical opinion evidence resulted in an erroneous residual functional capacity assessment. In assessing a claimant's residual functional capacity, an ALJ is required to consider "all of the relevant medical and other evidence." 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3). As the ALJ properly evaluated Dr. Neims and Dr. Washburn's opinions, and the Plaintiff did not otherwise challenge the ALJ's residual functional capacity finding, the ALJ did not err in evaluating Plaintiff's residual functional capacity.

## CONCLUSION

Based on the above stated reasons and the relevant record, the undersigned finds the ALJ did not err by rejecting the opinions of Dr. Niems and Dr. Washburn, nor did the ALJ err in evaluating Plaintiff's residual functional capacity. Therefore, the court ORDERS this matter be AFFIRMED pursuant to sentence four of 42 U.S.C. § 405(g). Judgment should be for DEFENDANT and the case should be closed.

Dated this 5th day of November, 2015.

David W. Christel
United States Magistrate Judge